UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE WESTELL TECHNOLOGIES, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 00 C 6735<br>Judge Amy J. St. Eve<br>Magistrate Arlander Keys |

**NOTICE OF FILING**

FILED

JUN 17 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**TO: SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on June 17, 2003 we filed the following document with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division: a Corrected Page 37 to Lead Plaintiff's Memorandum in Support of Motion for Final Approval of the Proposed Settlement, the Plan of Allocation of Settlement Proceeds and an Award of Attorneys' Fees and Expenses, which memorandum was previously filed on June 11, 2003. A copy of this document accompanies this Notice.

Dated: June 17, 2003

DOCKETED
JUN 18 2003

Respectfully submitted,

**MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.**

Carol V. Gilden

Carol V. Gilden, Esq.
Michael E. Moskovitz, Esq.
Louis A. Kessler, Esq.
200 LaSalle St., Suite 2100
Chicago, Illinois 60601
Telephone: (312) 346-3100

**Liaison Counsel for Lead Plaintiff Fuller & Thaler Asset Management, Inc.**

67

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Stanley D. Bernstein, Esq.
Robert J. Berg, Esq.
10 East 40th Street, 22nd Floor
New York, New York 10016
Telephone: (212) 779-1414

**Lead Counsel for Lead Plaintiff Fuller & Thaler Asset Management, Inc.**

**CERTIFICATE OF SERVICE**

I, Carol V. Gilden, hereby certify that on June 17, 2003, I caused true and correct copies of a Corrected Page 37 to Lead Plaintiff's Memorandum in Support of Motion for Final Approval of the Proposed Settlement, the Plan of Allocation of Settlement Proceeds and an Award of Attorneys' Fees and Expenses to be served on the parties listed on the attached service list in the manner indicated.

Carol V. Gilden

**WESTELL TECHNOLOGIES, INC.**
**SERVICE LIST**

**VIA FEDERAL EXPRESS**

Robert J. Berg, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
22nd Floor
New York, New York 10016

Robert B. Weiser, Esq.
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004

**VIA HAND DELIVERY**

Steven S. Scholes
Christopher M. Murphy
Joseph G. Fisher
McDermott, Will & Emery
227 West Monroe Street
Chicago, Illinois 60606-5096

Robert D. Allison
Robert D. Allison & Associates
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603

Joseph E. Coughlin
Lord Bissell Brook
115 S. LaSalle Street
Chicago, Illinois 60603

FILED
JUN 17 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE WESTELL TECHNOLOGIES, INC. | ) | Civil Action No. 00 C 6735 |
| SECURITIES LITIGATION | ) | Judge Amy J. St. Eve |
| | ) | Magistrate Arlander Keys |

**CORRECTED PAGE 37 TO LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT, THE PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS, AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

DOCKETED
JUN 18 2003

67

check might be appropriate, for example, in a "coupon" settlement, where "the nature of the settlement evades the precise evaluation needed for the percentage of recovery method." In re GMC Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 821 (3d Cir. 1995). Because the value of the cash settlement here is precisely known, such a cross-check is less important. Nonetheless, a lodestar cross-check confirms the fairness and reasonableness of the fee requested.

The Lodestar Reports attached to the Berg Declaration (as Exhibit 2) and to the Declaration of Carol V. Gilden, submitted herewith, show that Class Counsel expended more than 1,600 hours of professional time in the prosecution of this litigation through June 2, 2003. These hours have been multiplied by the current hourly rates[1] of the attorneys and paralegals[2] who worked on the litigation to arrive at the base lodestar amount of $753,356.50 (through June 2, 2003). The Lodestar Reports detail the calculation of these hours, which were compiled from contemporaneous time records maintained by each attorney, paralegal, or other professional participating in the litigation. Copies of contemporaneous time records are available for the Court's review.

The requested joint fee of $1,116,667 represents a 1.48 multiplier to Plaintiff's Counsel's aggregate lodestar. Such a multiplier is exceedingly modest in light of the tremendous risk of

---

[4]Application of current hourly rates is appropriate in calculating the lodestar figure. See Skelton, 860 F.2d at 255 n.5 ("The courts in this circuit generally use current rates."); In re Washington Public Power Supply Sys. Sec. Litig.,19 F.3d 1291, 1305 (9th Cir. 1994), aff'd in part sub nom. Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306 (9th Cir. 1994) ("Full compensation requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor.").

[5]Since it is customary to bill paralegals at hourly rates, their time should accordingly be compensated. Continental, 962 F.2d at 569. Many courts have noted the economic value of using paralegals to do work that would otherwise be performed by attorneys. See id.; United States Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989).