Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6735 | **DATE** | 6/24/2003 |
| **CASE TITLE** | In Re: Westell Technologies, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Order and Final Judgment entered on June 18, 2003, pursuant to Stipulation and Final Approval of Class Action Settlement, this case is dismissed on the merits with prejudice and without costs to any party. See attached copy of the Order and Final Judgment for further details. Any pending dates are stricken. Any pending motions are denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | number of notices | |
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | | JUN 2 5 2003 | | 69 |
| ✓ | Docketing to mail notices. | | | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | JUN 2 5 2003 | date mailed notice | |
| TH ✓ | courtroom deputy's initials | | | Date/time received in central Clerk's Office | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE WESTELL TECHNOLOGIES, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 00 C 6735 Judge Amy J. St. Eve Magistrate Arlander Keys |

___

JEFFREY DOLLENS and JEFF VUKOVICH, derivatively on behalf of WESTELL TECHNOLOGIES, INC.,  )
)
)
)

Lead Plaintiffs,  )
)
v.  )
)

MARC ZIONTS, J. WILLIAM NELSON, HOWARD L. KIRBY, JR., THOMAS A. REYNOLDS, III, ROBERT C. PENNY, III, and MELVIN J. SIMON,  )
)
)
)
)

Defendants,  )
)
and  )
)

WESTELL TECHNOLOGIES, INC.,  )
)

Nominal Defendant.  )

**DOCKETED**

JUN 2 5 2003

Civil Action No. 01 C 2826
Judge Amy J. St. Eve
Magistrate Arlander Keys

### ORDER AND FINAL JUDGMENT

As of March 3, 2003, Fuller & Thaler Asset Management, Inc., individually and on

behalf of the Class, as defined below, and Jeffrey Dollens and Jeff Vukovich, individually and on

behalf of the Current Shareholders, as defined below (collectively the "Plaintiffs") entered into a

Stipulation of Settlement (the "Stipulation") of the claims asserted in the above-captioned

securities class action and shareholder derivative action (collectively the "Actions") with

defendants Westell Technologies, Inc. ("Westell"), Bruce Albelda, Nicholas Hindman, Howard

L. Kirby, Jr., J. William Nelson, Robert C. Penny, III, Thomas A. Reynolds, III, Melvin J.

Simon, Marc Zionts, Bernard F. Sergesketter, John W. Seazholtz, and Paul A. Dwyer (collectively the "Defendants");

By Order dated March 31, 2003, this Court certified, for settlement purposes only, the Class defined as all individuals and entities who purchased Westell common stock between the dates of June 27, 2000 and October 18, 2000, inclusive.

By Order dated March 31, 2003 (the "Preliminary Approval Order"), this Court preliminarily approved the Stipulation, a copy of which is attached hereto and incorporated herein, in settlement of all claims in the Actions (the "Settlement") between the Plaintiffs, acting on behalf of themselves as well as the Class and Current Shareholders, and the Defendants.

Pursuant to the Preliminary Approval Order, this Court further found, pursuant to Federal Rule of Civil Procedure 23.1 and for the purposes of the Settlement only, that the case of *Dollens, et al. v. Zionts, et al.*, Case No. 01C2826, was properly brought as a derivative action for and on behalf of Westell, and that Jeffrey Dollens and Jeff Vukovich fairly and adequately represent the interests of the shareholders similarly situated in enforcing the rights of Westell.

In addition, pursuant to the Preliminary Approval Order, this Court scheduled a hearing for June 18, 2003, at 10:00 a.m., to determine, among other things: (i) whether the proposed Settlement set forth in the Stipulation should be approved by the Court as being fair, reasonable, and adequate; (ii) whether a final judgment should be entered thereon dismissing with prejudice all Released Claims (as defined in the Stipulation) asserted against the Released Parties (as defined in the Stipulation); (iii) whether the proposed Plan of Distribution of the Net Settlement Fund for the Class Action is fair, reasonable, and adequate; and (iv) whether to approve the applications of Lead Class Counsel and Co-Lead Shareholder Derivative Counsel for awards of attorneys' fees, costs and disbursements. This Court ordered that the Notice of Pendency and

Proposed Settlement of Class Action and a copy of the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action (collectively, the "Notice"), substantially in the form attached as Exhibits D and E, respectively, to the Stipulation, be mailed by first-class mail, postage prepaid, on or before April 30, 2003, to each Class Member and Current Shareholder, respectively, who could be identified through reasonable effort, and that a Summary Notice substantially in the form attached as Exhibit C to the Stipulation, be published in the national edition of The Wall Street Journal or in Investor's Business Daily within ten days after the mailing of the Notice.

As attested by the Affidavits of Lead Class Counsel and Co-Lead Shareholder Derivative Counsel filed with this Court on June 11, 2003, the provisions of said Order as to notice were complied with. Moreover, the hearing on the proposed Settlement was duly held before this Court on June 18, 2003, at which time all interested individuals and entities were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented with respect to the proposed Settlement.

**NOW THEREFORE**, after due deliberation, this Court hereby **FINDS, CONCLUDES, ADJUDGES AND DECREES** that:

1.     The Court, for purposes of this Order, adopts all definitions of terms set forth in the Stipulation.

2.     This Order is binding on all members of the Class, excluding all individuals and entities who timely filed a valid request to be excluded from the Class pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, and on all Current Shareholders. Only those individuals and entities specifically identified in Appendix 1 hereto, who otherwise would be members of the Class, have validly requested exclusion from the Class, and those requests for exclusion are

hereby **GRANTED**.

3.  The proposed Settlement of the Actions on the terms and conditions set forth in the Stipulation is fair, reasonable and adequate, is in the best interests of the Class and Current Shareholders, and is hereby **APPROVED**.

4.  The notification provided for and given to the Class and Current Shareholders constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Rules 23 and 23.1 of the Federal Rules of Civil Procedure, and Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, and is hereby **APPROVED**.

5.  The proposed Plan of Allocation of the Net Settlement Fund in the Class Action is, in all respects, fair, reasonable, and adequate, and is hereby **APPROVED**.

6.  *NO* objections to the Settlement *were filed.* ~~are hereby DENIED.~~

7.  These Actions are dismissed on the merits with prejudice and without costs to any party, in accordance with Rules 23 and 23.1 of the Federal Rules of Civil Procedure, and each Released Party is hereby released and discharged from all actual and potential claims, liabilities, demands, causes of action, or lawsuits by each and every member of the Class, except those individuals and entities specifically identified in Appendix 1, by each and every Current Shareholder, and by Westell, and its past and present subsidiaries, affiliates, successors and assigns, against any and all Released Parties, whether legal, equitable, statutory or of any other type or form, and which were brought or potentially could have been brought in an individual, representative or any other capacity, that relate to or arise out of the events, acts, representations or omissions which were or could have been alleged in the Class Action or the Shareholder Derivative Action against any of the Released Parties, including without limitation any claims

4

against past or present officers or directors of Westell arising from Westell's payment of the Settlement Sum (the "Released Claims"). All Class Members and Current Shareholders and their respective heirs, executors, administrators, representatives, agents, successors and assigns are hereby permanently barred, enjoined, and restricted from commencing or prosecuting any and all Released Claims against the Released Parties.

8.      A Bar Order is hereby entered permanently barring all past, present and future claims for contribution arising out of the Class Action, the Shareholder Derivative Action, or any of the Released Claims: (i) by any person or entity against any of the Defendants; or (ii) by any of the Defendants against any person or entity other than a person or entity whose liability has been extinguished by this Order.

9.      Neither the Defendants nor their attorneys shall have any responsibility, liability, or accountability with respect to the administration or processing of claims or the distribution or allocation of the Settlement Fund, including, without limitation, determinations as to the validity of Proofs of Claim, the amounts of claims, and distributions from the Settlement Fund. All expenses related thereto, including out-of-pocket costs and expenses, shall be paid from the Settlement Fund. No further order of Court is necessary for payment of such expenses up to $50,000.

10.     The Petition by Lead Class Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses is hereby granted. Lead Class Counsel is hereby awarded a total fee of 33⅓% of the Settlement Fund for a total fee award of $1,116,667. Payment will be made from the Settlement Fund to Lead Class Counsel after the Effective Date (as defined in the Stipulation). Lead Class Counsel is awarded $129,719.03 as reimbursement of its reasonable expenses incurred in connection with these Actions, as submitted to the Court. Such payment

shall also be made from the Settlement Fund at the same time as the fee award is made.

11.    The Petition by Co-Lead Shareholder Derivative Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses is hereby granted.  Co-Lead Shareholder Derivative Counsel is hereby awarded a total award of fees and expenses of $ _600,000_ . Payment will be made to Co-Lead Shareholder Derivative Counsel by the Escrow Agent after the Effective Date.

12.    This Judgment, the Stipulation and all papers related to it are not, and shall not in any event be an admission by Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any future proceeding.

13.    The Court hereby restrains and enjoins all individuals and entities who have appeared in these proceedings and any other individuals or entities from taking any actions interfering in or inconsistent with this Order and Final Judgment and the Settlement that the Court hereby approves.

14.    Jurisdiction is hereby reserved over all matters relating to the consummation of the Settlement in accordance with the Stipulation, including any further requests for fees and expenses in connection with administration of the Settlement, and over all matters relating to the effectuation and enforcement of the provisions of this Order.

15.    This Order and Final Judgment is final for purposes of appeal and may be appealed notwithstanding the matters identified in Paragraph 14 above, and the Clerk is hereby directed to enter judgment thereon.  The reservation of jurisdiction by the Court over the matters identified in Paragraph 14 does not affect in any way the finality of this Order and Final Judgment.

**APPROVED AND SO ORDERED**:

DATED: _June 18_, 2003

_____
THE HONORABLE ARLANDER KEYS
UNITED STATES MAGISTRATE JUDGE

CHI99 3997841-1.043183.0036

7

# APPENDIX 1

## Individuals Who Have Validly Requested Exclusion From The Class

Nailah A. Nadeal
3388 Brownlea Circle
Antelope, California 95843-4426
100 shares purchased during Class Period

Alex Flynn
4151 North Prospect Avenue
Shorewood, Wisconsin 53211
200 shares purchased during Class Period